UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                15-cr-82 (JNE/TNL)
                                                ORDER

Mark David McGinley,

      Defendant.

Defendant Mark David McGinley pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). This Court imposed a 360-month sentence. McGinley appealed the sentence and it was affirmed. He now moves to vacate the sentence under 28 U.S.C. § 2255. The Court denies the motion.

## DISCUSSION

McGinley argues that the Court should vacate his sentence because his counsel was ineffective. McGinley must satisfy two elements to prevail. First, he must show that his counsel was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Put differently, he must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, McGinley must show that he suffered prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

McGinley claims that his counsel was ineffective for (1) failing to challenge the Court's jurisdiction, (2) failing to challenge alleged sentencing errors, and (3) failing to challenge the search warrant. All three claims fail.

### I.  Failure to Challenge Jurisdiction.

McGinley insists that his counsel was ineffective for failing to challenge the Court's jurisdiction. He states that "the offense was inside the geographical boundaries of the state of Minnesota." ECF No. 68 at 8. For that reason, he argues that "the Federal District Court lacked the element of 'subject matter jurisdiction' in that the offense never affected 'Interstate Commerce,'" as required by the Commerce Clause and 18 U.S.C. § 2251(a). *Id.*

But jurisdiction exists over McGinley's crime. Section 2251(a) criminalizes using materials "mailed, shipped, or transported in or affecting interstate or foreign commerce" to "produc[e] any visual depiction" of "any sexually explicit conduct" involving a minor. In *United States v. McCloud*, 590 F.3d 560, 568-70 (8th Cir. 2009), the defendant produced child pornography and saved it on a memory card manufactured in Taiwan. The Eighth Circuit Court of Appeals held that, because the memory card was manufactured abroad, it had traveled across state or international lines and, therefore, its use satisfied the requirements of the Commerce Clause and § 2251(a).

Here, McGinley admitted that he produced child pornography using a Toshiba hard drive manufactured in China. ECF No. 50 at 17-18, 20-21. In other words,

McGinley used materials "transported in or affecting interstate or foreign commerce" to produce child pornography. McGinley's crime thus satisfies the requirements of the Commerce Clause and § 2251(a). His attorney was not ineffective for declining to challenge jurisdiction.

## II.     Failure to Challenge Sentencing Errors.

At sentencing, this Court found that McGinley is a Repeat and Dangerous Sex Offender Against Minors and imposed a five-level enhancement pursuant to U.S.S.G. § 4B1.5(b). On direct appeal, McGinley challenged his sentence.

He first argued that this Court erred in applying the five-level enhancement. The Eighth Circuit explained that the five-level enhancement "applies if 'the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct.'" *United States v. McGinley*, 678 F. App'x 454, 455 (8th Cir. 2017) (quoting U.S.S.G. § 4B1.5(b)). The Eighth Circuit affirmed the enhancement, finding that "McGinley's offense was a covered sex crime" and he "engaged in a pattern of activity" because "he admitted that he engaged in prohibited sexual conduct with a minor on at least two occasions." *Id.*

McGinley next argued that this Court "procedurally erred by failing to consider and explain the § 3553(a) factors, focusing only on public safety, while ignoring a psychosexual evaluation showing that he is treatable and poses a low risk of recidivism." *Id.* The Eighth Circuit noted that McGinley's counsel "failed to object to the district

court's explanation at sentencing, so this argument was not preserved." *Id.* Still, the Eighth Circuit concluded that "the district court's explanation at sentencing was more than adequate to 'allow for meaningful appellate review.'" *Id.* (quoting *Gall v. United States*, 522 U.S. 38, 50 (2007)). It affirmed the sentence, explaining that

> the [district] court reviewed the PSR, heard both parties argue the § 3553(a) factors, asked detailed questions, noted that the plea agreement allowed McGinley to avoid punishment for 23 other child pornography charges, compared McGinley's offense conduct with that of other child pornographers . . . , and made the sentence concurrent with any state incarceration resulting from McGinley's abuse of his niece.

*Id.*

In his § 2255 motion, McGinley now argues that his counsel was ineffective for failing to raise the results of the psychosexual evaluation "to challenge the 5 point enhancement for" Repeat and Dangerous Sex Offenders Against Minors. ECF Nos. 67 at 5; 68 at 12-13. This evaluation allegedly "show[ed] that [McGinley] is treatable and [poses] a low risk of recidivism." ECF No. 68 at 12. McGinley also claims that the Court erred by failing to weigh the evaluation as part of the § 3553(a) sentencing factors and that his counsel was deficient for failing to object to the Court's error.

But as detailed above, the Eighth Circuit affirmed this Court's application of the five-level enhancement, the Court's weighing of the § 3553 factors, and the Court's treatment of the psychosexual evaluation. This Court therefore committed no error to which McGinley's counsel should have objected. What is more, contrary to McGinley's claim, his counsel raised the psychosexual evaluation when opposing the five-level

4

enhancement and asked the Court to consider the evaluation as part of the § 3553 factors. ECF Nos. 32 at 2-3, 6, 7-8, 12; 51 at 2-3, 8, 9, 10.  And so McGinley fails to satisfy his burden of proving that his counsel was deficient for neglecting to appropriately raise the psychosexual evaluation.  *Strickland*, 466 U.S. at 688.  At any rate, McGinley cites no prejudice as required to prevail on his ineffective assistance of counsel claim.  *Id.* at 694.

### III.     Failure to Challenge the Search Warrant.

McGinley claims that his counsel was ineffective for failing to raise problems with the warrant used to obtain evidence against him.  McGinley appears to cite three problems that his counsel should have raised.

First, he claims that this Court lacked jurisdiction over his case because the State of Minnesota issued the warrant from which investigators found evidence against him.[1] This is wrong.  Federal courts do not lose jurisdiction if state-issued warrants lead to evidence of criminal charges filed in federal courts.  *See, e.g.*, *United States v. Maholy*, 1 F.3d 718 (8th Cir. 1993) (affirming district court's refusal to suppress evidence from a state search warrant used in federal prosecution).

---

[1] When introducing this challenge, McGinley initially states that the "[w]arrant was issued from Washington, D.C. and served in Minnesota." ECF No. 67 at 7. He provides no additional context and the record contains no reference to a warrant from Washington, D.C. In his argument on this challenge, McGinley explains that "the search warrant that was used and issued was from the State of Minnesota not from the Federal Court." ECF No. 68 at 9. He faults his attorney for not challenging the "improper use of States [sic] search warrant." *Id.* at 10. Given that McGinley devoted his argument to attacking a State of Minnesota warrant, the Court construes McGinley's § 2255 motion as challenging a warrant from the State of Minnesota, not a warrant from Washington, D.C.

Second, McGinley claims that the warrant was invalid and his counsel should have moved to suppress evidence derived from it.  Yet he offers no reason that the warrant was invalid, nor is the Court aware of any.

Third, he maintains that the warrant should have been a Network Investigative Technique ("NIT") warrant.  Investigators use a NIT to identify users of "Tor," a network that hides the location and user data of internet users.  *United States v. Horton*, 863 F.3d 1041, 1045 (8th Cir. 2017).  But McGinley has never asserted, and does not now assert, that he used Tor.  Further, he does not claim that the government used a NIT to locate him.  As a result, there is no basis for finding the need for a warrant for a NIT.

In short, McGinley fails to establish that his counsel was ineffective for neglecting to challenge the warrant.

## IV.   Certificate of Appealability.

This Court may grant McGinley a certificate of appealability "only if [he] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  A "substantial showing" exists if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court is unconvinced that reasonable jurists would find the above assessment debatable or wrong.  A certificate of appealability is unwarranted.

## **CONCLUSION**

The Court denies McGinley's motion without a hearing, as the record conclusively shows that he is entitled to no relief. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("An evidentiary hearing may be denied . . . if the motion, files, and records of the case conclusively show that the movant is not entitled to relief.").

Accordingly, IT IS ORDERED THAT:

1. Mark David McGinley's motion to vacate under 28 U.S.C. § 2255 [ECF No. 67] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 12, 2018

       s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge